UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NAJEE SABREE Q. BLACKMAN, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>KEITH BUTTS, )<br>)<br>Respondent. ) | No. 1:12-cv-0540-TWP-DKL |

### E N T R Y

This is an action brought by an Indiana prisoner who seeks habeas corpus relief with respect to a prison disciplinary proceeding.

The petitioner has filed a motion to conduct discovery and for an evidentiary hearing [Dkt. 18]. Each aspect of this motion reveals a misunderstanding about the scope of a federal court's habeas review in these circumstances.

The petitioner seeks *de novo* review of the evidence which was or which he contends should have been considered at the disciplinary hearing. That form of review is neither authorized nor proper here. In fact, in reviewing the decision "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 455-56 (1985).

Accordingly, there is no basis on which to produce additional records and materials, whether considered by the hearing officer or not. This demonstrates that the petitioner has not established good cause to conduct discovery. *See Bracy v. Bramley,* 520 U.S. 899, 904 (1997) (AA habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course@). The motion to conduct discovery [Dkt. 18] is **denied**.

The request for an evidentiary hearing [Dkt. 18] is likewise **denied** because such a proceeding is only necessary when a more extensive factual record must be compiled to decide an issue. *See Newell v. Hanks,* 283 F.3d 827, 838 (7th Cir. 2002). That is not the case here.

**IT IS SO ORDERED.**

Date: 09/24/2012
_____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Najee Sabree Q. Blackman
DOC #110245
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

All Electronically Registered Counsel