UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

NAJEE SABREE Q. BLACKMAN,        )
                                 )
             Petitioner,         )
     vs.                         )   No. 1:12-cv-0540-TWP-DKL
                                 )
KEITH BUTTS,                     )
                                 )
             Respondent.         )

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Najee Sabree Blackman ("Mr. Blackman") for a writ of habeas corpus must be **denied** and this action is **dismissed with prejudice.**

**Background**

The pleadings and the expanded record in this action establish the following:

1. Mr. Blackman is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 11-10-127, wherein he was found guilty of having violated prison rule B-212 by committing assault on staff.

2. A conduct report was issued on October 25, 2011, charging that Mr. Blackman had thrown an unknown liquid at Officer Gates.

3. After being supplied with a copy of the written charge and notified of his procedural rights, Mr. Blackman was found guilty at a hearing conducted on October 26, 2011, and was sanctioned. His administrative appeal was rejected, and this action followed.

4. Contending that the proceeding described above is tainted by constitutional error, Mr. Blackman seeks a writ of habeas corpus. His specific contentions are that: (a) the hearing officer

denied him the video evidence he requested; (b) the evidence was insufficient; and (3) the Final Reviewing Authority's response to his appeal was untimely.

## Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* A prison inmate has a limited and well-defined interest in a setting such as is described above.

> Prisoners have a liberty interest in their good-time credits and credit-earning class and thus must be afforded due process before prison officials interfere with those rights. *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001); *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996). Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Mr. Blackman's claims are considered in light of the special environment of a prison, where administrators "must be accorded wide-ranging deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Pardo v. Hosier*, 946 F.2d 1278, 1280-81 (7th Cir. 1991) (internal quotations omitted). The circumstances of this case do not show that Mr. Blackman is entitled to relief.

- *Video Evidence.* Mr. Blackman claims that "the video surveillance that exonerates him was not presented." The video material to which he refers, however, was summarized and

considered by the hearing officer. The fact that some evidence was considered outside Mr. Blackman=s presence did not violate his due process rights. *White v. Indiana Parole Board,* 266 F.3d 759, 767 (7th Cir. 2001) (Aprison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public@).

- *Insufficiency of the Evidence.* Mr. Blackman was found guilty of committing an assault on staff. As the respondent correctly points out, the evidence included staff reports, witness statements, and the video. Although Mr. Blackman claims that there was insufficient evidence to support the hearing officer's finding, the expanded record shows that a rational adjudicator could readily have concluded otherwise. This satisfies the Asome evidence@ required by due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the . . . [conduct board=s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

- *Administrative Appeal.* Mr. Blackman claims that the Final Reviewing Authority's response was untimely under the time frame established by the Department of Correction. This claim will not support relief in a habeas proceeding, however, even if factually accurate, because a failure to adhere to prison guidelines is not itself a basis for awarding relief pursuant to 28 U.S.C. ' 2254(a). *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990)*; Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); see also *Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

Under *Wolff* and *Hill,* Mr. Blackman received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Mr. Blackman was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed.

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge,

disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Blackman to the relief he seeks. His arguments that he was denied the protection afforded by *Hill* are refuted by the expanded record. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/02/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Najee Sabree Q. Blackman
DOC #110245
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel