UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NAJEE SABREE Q. BLACKMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 1:12-cv-0540-TWP-DKL |
| | ) | |
| KEITH BUTTS, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Extension of Time to File Notice of Appeal**

In the Limited Remand issued in No. 13-1430, the Seventh Circuit Court of Appeals has treated the affidavit attached to the petitioner's notice of appeal as his motion to extend the time to appeal under Rule 4(a)(5) of the *Federal Rules of Appellate Procedure.* The Limited Remand directs this court to determine whether to grant an extension of time pursuant to Rule 4(a)(5).

Judgment was entered in this case on Thursday, January 3, 2013. A timely notice of appeal would have to have been filed within thirty (30) days of entry of judgment, which in this case would be Monday, February 4, 2013. The petitioner signed his notice of appeal on February 25, 2013, and it was filed on February 27, 2013.

Rule 4(a)(5) provides, in relevant part, that:

A) The district court may extend the time to file a notice of appeal if:
(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

The first element of Rule 4(a)(5) is satisfied because the petitioner's motion for extension of time was filed within thirty (30) days of the date a timely notice of appeal was due. The second requirement is a showing of excusable neglect or good cause.

The "excusable neglect standard applies in situations in which there is fault; in such situations, the need for extension is usually occasioned by something within the control of the movant." *Sherman v. Quinn,* 668 F.3d 421, 425 (7th Cir. 2012) (internal quotation omitted). The test is an equitable one, taking into account all relevant circumstances, "the most important of which are the degree to which the appellee is prejudiced and the good faith of the appellant." *Abuelyaman v. Illinois State University,* 667 F.3d 800, 808 (7th Cir. 2011). The "good cause standard applies in situations in which there is no fault – excusable or otherwise." *Sherman*, 668 F.3d at 425 (internal quotation omitted). This case falls into the "excusable neglect" category.

The petitioner takes the position that the delay in filing his notice of appeal was caused by prison law library personnel. He argues that he "made a diligent and good faith effort" to meet his obligation to seek permission for a COA. He acknowledges that he received the judgment in a timely manner, on Monday January 7, 2013. He explains that he did not timely file his notice of appeal because he was waiting for responses to requests that he made of the prison law library for a form motion for certificate of appealability ("COA"). He requested a form on January 17, 2013, and again on January 22, 2013. He was informed on January 24, 2013, that the law library did not stock any such forms. He was provided an informational handout regarding COA forms instead. On January 29, 2013, he was again provided an informational handout regarding COA forms and was told that there are no such forms. On February 6, 2013, the petitioner requested appeal forms for the Seventh Circuit Court of Appeals and rules regarding filing an appeal in that court. On February 13, 2013, the law library provided an "application for certificate of

appealability" form, a copy of the *Federal Rules of Appellate Procedure,* and case citations from the Seventh Circuit regarding filing an appeal. The petitioner's notice of appeal is not accompanied by a request for a COA.

The essence of the petitioner's argument is that he did not know how to file a request for a COA and he was dependent on law library staff to help him obtain proper forms and/or information. In this case, the petitioner contends that there was fault, but he does not believe any of the fault was his own. The court views the matter as one that remained within the control of the petitioner. Having received the judgment in a timely fashion, there was nothing stopping the petitioner from filing a notice of appeal or from filing a motion for extension of time to file his notice of appeal and/or motion for COA. Moreover, this is a prison disciplinary habeas case, for which, in the Seventh Circuit, a COA is not necessary. *Walker v. O'Brien,* 216 F.3d 626 (7th Cir. 2000). The petitioner was thus waiting for information he did not need in order to proceed with his appeal.

Even if a COA were necessary, Rule 22(b)(2) of the *Federal Rules of Appellate Procedure* provides that "[i]f no express request for a certificate [of appealability] is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Therefore, his notice of appeal would have constituted a request for a COA if it had been required.

In determining whether the petitioner has shown the type of good faith necessary to constitute "excusable neglect," the court takes judicial notice of the fact that this is not the petitioner's first attempt at filing a notice of appeal in a habeas case, albeit a non-disciplinary habeas case. In *Blackman v. Hanks,* 2:03-cv-100-RLY-WGH, the petitioner, unsure then of the procedures for filing a certificate of appealability, filed a "motion for procedures on COA." He did so on November 15, 2004, within days of the issuance of the November 4, 2004 judgment in

that case. The court treated his motion for procedures as his notice of appeal and request for a COA. The appeal was processed. When his subsequent motion for COA was denied, he filed a timely notice of appeal of that ruling as well. *Id.* The bottom line is that whether or not the COA was required in this case, the petitioner has shown that he knows how to timely file post-judgment motions in an effort to protect his appeal rights. Here, he has failed to make an adequate showing of good faith to warrant a finding of excusable neglect.

In addition to not showing good faith, the petitioner's argument is based on a claim of mere ignorance of the procedure, and as such, is not sufficient to show excusable neglect. *See Sherman*, 668 F.3d at 426 (mere ignorance of the law or rules is not excusable neglect); *Tuke v. U.S.,* 76 F.3d 155, 156 (7th Cir. 1996) ("Ignorance may be an explanation but is not an excuse."). Moreover, his claim of ignorance is not well taken factually given his history of litigation in this court.

Under these circumstances, the court cannot find excusable neglect for the petitioner's failure to timely file his notice of appeal. Therefore, the second requirement of Rule 4(a)(5) is not satisfied. The court **denies** the petitioner's request for an extension of time pursuant to Rule 4(a)(5).

**IT IS SO ORDERED.**

Date: 05/28/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Najee Sabree Q. Blackman
DOC #110245
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel